# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

**KESHANA JOHNSON, on her own behalf**
**and on behalf of her minor child K.J.,**

      **Plaintiffs,**　　　　　　　　　　　　　　Civil Action No.　1:23-cv-00537

v.

**BRIAN R. HULTON,**
**TRUCKING INVESTMENTS INC.,**
**a Pennsylvania corporation, and**
**AETNA FREIGHT LINES, INC.,**
**an Ohio corporation,**

      **Defendants.**

## NOTICE OF REMOVAL

Defendants Brian R. Hulton ("Mr. Hulton"), Trucking Investments, Inc. ("Trucking Investments"), and Aetna Freight Lines, Inc. ("Aetna"), (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, by counsel, hereby remove this action from the Circuit Court of Mercer County, West Virginia, to the United States District Court for the Southern District of West Virginia, Bluefield Division, the judicial district in which this action is pending. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. Defendants set forth the grounds for removal as follows:

## BACKGROUND

1.    Plaintiffs commenced the above-captioned matter by filing their Complaint in the Circuit Court of Mercer County on July 11, 2023. *See* **Exhibit A**, Certified Docket Sheet from the Clerk of the Circuit Court of Mercer County, Civil Action No. CC-28-2023-C-123.

2. Plaintiffs served the Complaint on Mr. Hulton, Trucking Investments, and Aetna through the West Virginia Secretary of State, on July 12, 2023.[1] *See* **Exhibit B**, a true and accurate copy of the Summons and Complaint filed by Plaintiff and served through the West Virginia Secretary of State.

3. In the Complaint, Keshana Johnson seeks damages relating to an alleged incident which purportedly occurred on July 17, 2021, when Plaintiff was a driving a vehicle traveling northbound on Interstate 77, near Milepost 5, in Princeton, Mercer County, West Virginia. *See* **Ex. B** at ¶ 5.

4. Plaintiff asserts that Defendants caused fuel to spill on the roadway, which allegedly caused Keshana Johnson "to lose control of her vehicle" and "travel off the right side of the roadway, striking the guardrail, flipping over the guardrail, striking multiple trees, and coming to a rest on its roof over an embankment." *Id*. at ¶ 8.

## BASIS FOR REMOVAL

5. This civil action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

6. This civil action may be removed to this Court by these Defendants pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446 because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## CITIZENSHIP OF PARTIES

7. Plaintiffs are residents and citizens of the state of North Carolina. *See* **Ex. B** at ¶ 1.

---

[1] As discussed *infra*, by removing this action Defendants do not waive any applicable Fed. R. Civ. P. 12(b) defenses and reserve the right to assert the same in Defendants' responsive pleading.

8. Defendant Brian R. Hulton is a resident and citizen of the state of Ohio. *See* **Ex. B** at ¶ 2.

9. Defendant Aetna is a corporation organized under the laws of Ohio, with its principal place of business in Pennsylvania. *See* **Ex. B** at ¶ 3; *see also* **Exhibit C**, Pennsylvania Secretary of State Page.

10. Defendant Trucking Investments is a corporation organized under the laws of Pennsylvania, with its principal place of business in Pennsylvania. *See* **Ex. B** at ¶ 4; *see also* **Exhibit D**, Pennsylvania Secretary of State Page.

11. Accordingly, complete diversity is established between Plaintiff and Defendants.

## AMOUNT IN CONTROVERSY

12. Although Plaintiff did not specifically plead a total amount of alleged damages in the Complaint, this case may be removed because it is apparent from the facts alleged within the Complaint that Plaintiff seeks damages in excess of $75,000.00.

13. "If there is no *ad damnum* clause with an amount over $75,000, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 962 (S.D.W. Va. 2011) (citations omitted).

14. The Court, in weighing removal, may consider:

> ***the type and extent of the plaintiff's injuries and possible damages recoverable therefore, including punitive damages if appropriate***. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*Id*. at 964 (emphasis added).

15. "When the amount of damages a plaintiff seeks is unclear . . . the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Mullins v. Harry's Mobile Homes, Inc.,* 861 F. Supp. 22, 23 (S.D.W. Va. 1994),

16. "[A] request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery." *Bryant v. Wal-Mart Stores E., Inc.*, 117 F. Supp. 2d 555, 556 (S.D.W. Va. 2000) (citations omitted).

17. "A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Id.* at 557 (citations omitted); *see also* 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3702 (3d ed. 1998) ("A long line of decisions clearly establishes the proposition that exemplary or punitive damages, when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff, can be included in determining whether the jurisdictional amount in controversy requirement has been met.").

18. "Under West Virginia law, punitive damages are recoverable in tort actions, 'where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear.'" *Bryant*, 117 F. Supp. 2d at 557 (quoting Syl. Pt. 1, *Smith v. Perry*, 178 W. Va. 395, 359 S.E.2d 624, (1987)).

19. Punitive damages may equal "the greater of four times the amount of compensatory damages or $500,000, whichever is greater." W. Va. Code § 55-7-29(c).

20. The United States District Court for the Northern District of West Virginia considered the face of a plaintiff's complaint and the damages alleged by the plaintiff to find the

4

"amount in controversy" question satisfied. *See Vaughan v. Dixon*, No. 3:09-CV-50, 2009 WL 2913617 (N.D.W. Va. Sept. 8, 2009). In *Vaughan*, the complaint alleged physical injuries to various areas of her body due to a car accident involving the Defendant. *Id*. at *1. The plaintiff also alleged emotional distress, loss of enjoyment of life, and possible permanent disability as well as medical expenses totaling $23,800, lost income exceeding $15,000, and possible future lost income and earning capacity. *Id.* However, the plaintiff's complaint contained no specific *ad damnum* amount. *Id.* Ultimately, Judge Bailey concluded: "Plaintiff also seeks past and future wages, specifically stating an amount for the former, makes this case even less of a close call than in *Campbell*. Therefore, this Court finds that the face of Plaintiff's Complaint satisfies the amount in controversy. However, even if the face of the Complaint fails to meet the jurisdictional limit, an independent evaluation of the remaining record satisfies the burden." *Id.* at *4.

21.     Judge Hallanan of the United States District Court for the Southern District of West Virginia dealt with a similar "amount in controversy" question in *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578 (S.D.W. Va. 1999). In that case, the plaintiff had sued an automobile financing company. *Id.* at 580. The complaint did not contain any specific amount in the *ad damnum* clause. *Id.* at 581. The only firm amount in controversy that could be gleaned from the case file was $16,000.00, the value of rescission of the contract in question. *Id.* at 584. However, because the plaintiff was also requesting compensatory damages for mental anxiety, suffering, annoyance, aggravation, inconvenience and humiliation, as well as punitive damages, Judge Hallanan found that the amount in controversy would likely be above $75,000.00, the jurisdictional limit. *Id*. at 584 ("If . . . Plaintiffs are awarded punitive damages it is easy for the Court to fathom that the amount recovered could very well surpass the $75,000 jurisdictional requirement,

especially in light of various West Virginia courts that have let stand awards of punitive damages that far exceed the compensatory damages.").

22. In *Campbell v. Restaurants First/Neighborhood Restaurant, Inc.*, the Court reached a similar conclusion in a personal injury case that involved less than $20,000 in medical bills. 303 F. Supp. 2d 797 (S.D.W. Va. 2004). The plaintiff in that case only sought compensatory damages, not punitive damages; yet, the amount in controversy requirement was satisfied. "Although her medical bills total just shy of $20,000, when one considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied." *Id.* at 799.

23. Plaintiffs seek damages relating to alleged spilled fuel allegedly caused by the Defendants, which allegedly caused Keshana Johnson, the driver of the car, to "lose control of her vehicle" causing the vehicle to "travel off the right side of the roadway, striking the guardrail, flipping over the guardrail, striking multiple trees, and coming to a rest on its roof, over an embankment" **Ex. B** at ¶ 8. Plaintiff seeks damages regarding Defendants' alleged violation of W. Va. Code § 17-19-13, which Plaintiff alleges caused damages. *Id.* at ¶ 10.

24. Plaintiffs also allege that due to "the negligence and carelessness of the Defendants, the Plaintiffs" 1) "were injured," 2) have "undergone medical treatment," 3) have "incurred medical expenses," 4) "will incur additional medical expenses in the future," 5) have "endured pain and suffering, both in the past and in the future," 6) have "sustained an impairment of the capacity to enjoy life both in the past and future," 7) have "incurred lost wages, and will continue to do so in the future," 8) and have "in the past suffered annoyance, aggravation, and mental anguish and will continue to [do] so in the future." *Id.* at ¶ 12. As a result of these alleged "gross,

reckless, or wanton negligence of Defendants and their agents, and employees," the "Plaintiffs hereby demand punitive damages." *Id*. at ¶ 13.

25. Plaintiffs also assert that "[u]pon information and belief, the fuel tank which give rise to this incident was not preserved." *Id.* at ¶ 14. Plaintiff's assert a letter of representation "demanding preservation of evidence relevant to this incident" was sent to Defendants. *Id*. at ¶ 14. Plaintiff alleges that "[a]s a direct result, the Plaintiffs are entitled to an adverse inference instruction and punitive damages." *Id*. at ¶ 14.

26. In Plaintiff's WHEREFORE clause, Plaintiff demands judgment "in the amount that will fully and fairly compensate" Plaintiffs for "(1) special damages for the Defendants negligence; (2) general damages for the Defendants negligence; (3) prejudgment interest on the plaintiff's special damages; (4) punitive damages; (5) cost of this action; and (6) such other and further relief as deemed just and proper by the Court." *Id*. at WHEREFORE clause.

27. Plaintiff alleges gross, reckless, or wanton conduct on Defendants' part, which constitutes "[a] good faith claim for punitive damages" such that it cannot "be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Bryant*, 117 F. Supp. 2d at 557.

28. Considering the nature of Plaintiffs' alleged injuries including: (a) past and future medical bills, (b) injury, (c) past and future pain and suffering, (d) past and future impairment of ability to enjoy life, (e) lost wages, (f) past and future annoyance, aggravation, and mental anguish, the amount in controversy could well exceed $75,000.00 when the amount of claimed damages is totaled. Moreover, Plaintiffs seeks punitive damages against Defendants, which, when coupled with the compensatory damages they seek, will far exceed the amount in controversy requirement. Thus, an evaluation of Plaintiffs' allegations and alleged damages proves by a preponderance of

the evidence that the amount in controversy requirement has been met. As such, this Court has original jurisdiction, and this matter is properly removed to federal court.

29. Pursuant to L.R. Civ. P. 3.4, the certified docket sheet from the Circuit Court of Mercer County is attached as **Exhibit A**.

30. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents served upon Defendants are attached hereto as **Exhibit B**.

31. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk for the Circuit Court for Mercer County, West Virginia. The Notice of Removal to Federal Court, excluding exhibits, is attached hereto as **Exhibit E**.

32. This Notice of Removal is filed within 30 days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b). Indeed, this Notice of Removal is filed within 30 days of Defendants being served with the Complaint.

## CONSENT TO REMOVAL

33. All Defendants consent to removal to the United States District Court for the Southern District of West Virginia, Bluefield Division. *See* Notice of Consent to Removal, attached hereto as **Exhibit F**.

## NO WAIVER OF DEFENSES

34. Defendants, by removing this matter, do not waive and hereby reserve the right to assert any and all applicable defenses under Fed. R. Civ. P. 12(b). *See Corbitt v. Air Prods. & Chems., Inc.*, No. 6:07-cv-00200, 2007 WL 9718736, at *1 (S.D.W. Va. Aug. 31, 2007) (citing *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 451 (1943) ("A party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections."));

*Miller v. Norfolk S. Ry. Co.,* No. 2:03-0514, 2006 WL 2192033, at *4 (S.D.W. Va. Aug. 1, 2006) (finding that a plaintiff who files notice of removal has "the right to assert its defenses including challenges to subject matter jurisdiction"); *Slone v. State Auto Prop. & Cas. Ins. Co.*, No. 2:19-CV-00408, 2021 WL 190938, at *11 (S.D.W. Va. Jan. 19, 2021) (quoting *Corbitt v. Air Prods. and Chems., Inc.,* No. 6:07-cv-00200, 2007 WL 9718736, at *1 (S.D. W. Va. Aug. 31, 2007)) ("[A]s this court has observed, '[a] party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections.'").

**WHEREFORE**, based upon the foregoing, Defendants Brian R. Hulton, Trucking Investments, Inc., and Aetna Freight Lines, Inc., request that this Court assume full jurisdiction over this matter, and that the Circuit Court of Mercer County, West Virginia proceed no further in the case.

Respectfully submitted,

**BRIAN R. HULTON,
TRUCKING INVESTMENTS INC., and
AETNA FREIGHT LINES, INC.,**

**By: Spilman Thomas & Battle, PLLC**

*/s/ Gerald M. Titus III*
Gerald M. Titus III (WVSB # 9392)
Wesley A. Shumway (WVSB # 13689)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
P.O. Box 273
Charleston, WV 25321-0273
(304) 340-3800
(304) 340-3801 (facsimile)
gtitus@spilmanlaw.com
wshumway@spilmanlaw.com
***Counsel for Defendants***

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**KESHANA JOHNSON, on her own behalf
and on behalf of her minor child K.J.,**

      **Plaintiffs,**　　　　　　　　　　　　　Civil Action No. 1:23-cv-00537

v.

**BRIAN R. HULTON,
TRUCKING INVESTMENTS INC.,
a Pennsylvania corporation, and
AETNA FREIGHT LINES, INC.,
an Ohio corporation,**

      **Defendants.**

I, Gerald M. Titus III, counsel for Defendants, hereby certify that on this 10th day of August, 2023, I filed this **Notice of Removal,** with the Clerk of the Court using the CM/ECF system, and that a copy of this document has been served upon the following by regular U.S. Mail:

Kevin P. Davis, Esquire
P.O Box 6067
Charleston, WV 25362
(304) 380-9080
*Counsel for Plaintiffs*

                                 */s/ Gerald M. Titus III*
                                Gerald M. Titus III (WV State Bar # 9392)